## MICHAEL B. CUNNINGHAM *vs.* STEPHEN HALL.

An action to recover threefold the amount of unlawful interest paid, called in the writ " an action of tort and an action of contract, both being for one and the same cause of action," and containing a single count in tort, may be amended, by leave of court, by adding a count in contract, with an averment that both counts are for one and the same cause of action; and, after such amendment, may be maintained, under *St.* 1852, *c.* 312, § 2.

One who, in consideration of a loan of money, gives his note for a larger amount, bearing interest and secured by a mortgage on real estate, and afterwards conveys the estate to one who agrees, as part of the consideration of the conveyance, to pay the amount of the note, may, upon the grantee's paying the note accordingly, maintain an action on *St.* 1846, *c.* 199, against the payee of the note, to recover three times the excess of the amount of the note above the loan.

ACTION on *St.* 1846, *c.* 199, § 2, to recover threefold the amount of unlawful interest paid by the plaintiff to the defendant.

The writ required the defendant to answer " in an action of tort and action of contract, both being for one and the same cause of action; " and contained only one count, in which the plaintiff alleged that he made a contract with the defendant for a loan from the defendant to the plaintiff of $2,500, for two years, with interest to be paid semiannually—the plaintiff paying the defendant $150 as a bonus and as illegal interest—and the defendant accordingly made the loan, paying the plaintiff $2,350 only, and reserving $150 as illegal interest; that the loan of $2,500 had since been paid to the defendant, " and the plaintiff therefore claims of said defendant $450, being three times the amount of said illegal interest, so reserved and taken, received and paid as aforesaid, according to the statutes in such case made and provided."

Answer, 1st. That the plaintiff had not named his action as required by *St.* 1852, *c.* 312, § 1 ; 2d. A denial that the defendant made the contract or loan, or took, reserved or received illegal interest, as alleged in the writ.

At the trial in the court of common pleas, before *Mellen*, C. J., the plaintiff was allowed, against the defendant's objection, to file an amended or additional count, in which he alleged that he

made a contract with the defendant for the loan of $2,500, for two years, and in consideration of such loan it was mutually agreed that the plaintiff should pay the defendant, and the defendant might reserve and take, $150 as a bonus or usurious interest, and the plaintiff should give the defendant a promissory note for said sum, with semiannual interest, secured by a mortgage of real estate in Boston, all of which was accordingly done; so that the plaintiff actually realized by the loan of $2,500 the sum of $2,350; that the plaintiff paid interest upon said $2,500 every six months, and that the plaintiff, or one Wilson in his behalf, paid the principal sum to the plaintiff within the two years; and the plaintiff alleged " that thereby, in pursuance of such agreement, $150 was reserved, taken and received by the defendant, and paid by the plaintiff as usurious interest on said loan, and that the defendant owes him three times the amount thereof; both counts being for one and the same cause of action."

The defendant filed no further answer; but, after the reading of the writ and pleadings, objected that the action was not properly named, and therefore the plaintiff could not proceed. But the court directed the trial to proceed.

The plaintiff testified to the agreement for a loan, and for reserving a bonus, and giving a note and mortgage, as stated in the amended count; that he paid the two first instalments of interest, and, about eighteen months after the loan, sold and conveyed the mortgaged premises to Wilson, in consideration of $4,000, with a covenant against all incumbrances except a mortgage to the defendant, the amount of which Wilson, by the terms of the deed, " agreed to assume and pay, as his own proper debt, it being part of the abovenamed consideration," and Wilson paid the plaintiff the balance of the purchase money. Wilson testified, that after said conveyance to him by the plaintiff, and pursuant to his agreement expressed therein, he paid the interest and the full amount of the principal of the note, to the defendant, and took from him an indorsement of the note, without recourse, and an assignment of the mortgage merely to perfect his title.

The defendant asked the court to rule that the plaintiff had not proved any such payment of the note or interest as entitled him to maintain this action. But the court refused so to rule, and instructed the jury that if Wilson paid the note in accordance with the agreement with the plaintiff, and as a part of the consideration of the conveyance of the mortgaged premises to him, the plaintiff could maintain this action, on the ground of a payment made by himself or by Wilson in his behalf. The defendant thereupon submitted to a verdict for the plaintiff, and alleged exceptions.

*L. Mason*, for the defendant. 1. The action was not properly named as required by *St.* 1852, *c.* 312, §§ 1, 2. By *cl.* 5 of § 2, " actions of contract and actions of tort shall not be joined; but when it is deemed doubtful to which of those classes of actions a particular cause of action belongs, a count in contract may be joined with a count in tort, averring that both are for one and the same cause of action." And this objection was not a ground of demurrer. § 21.

2. An action to recover threefold the amount of unlawful interest can only be maintained where the unlawful interest has been actually paid, and not where it has been taken or reserved. The plaintiff, upon his declaration and evidence, seeks to recover for money taken or reserved as usurious interest. Rev. Sts. *c.* 35, §§ 1–4. *St.* 1846, *c.* 199. *King* v. *Howard*, 1 Cush. 140, 141. *Stevens* v. *Lincoln*, 7 Met. 527, 529. *Whitney* v. *Tyler*, 12 Met. 192. *Crosby* v. *Bennett*, 7 Met. 18. *Sumner* v. *Williams*, 1 Met. 398. *Brickett* v. *Minot*, 7 Met. 291.

In this case, no unlawful interest was paid when the loan was made; for the plaintiff then received the sum of $2,350, and paid nothing. Nor when the plaintiff sold the estate subject to the mortgage to Wilson; for, although the plaintiff received the full consideration, nothing was paid to the defendant. Nor when Wilson made his payments and took the assignment of the mortgage; for the plaintiff had previously parted with his entire interest, and received his full consideration. It was Wilson who paid the amount of the mortgage, as his own proper debt; and upon terms agreed upon between himself and the de-

fendant, as is evident from his taking an assignment instead of a discharge of the mortgage.

*A. A. Ranney*, for the plaintiff.

SHAW, C. J. This action is brought under *St.* 1846, *c.* 199, § 2, to recover back threefold the amount of usurious interest taken and reserved on a loan of money, by the party paying the same.

1. The first objection on the part of the defendant is, that the action is not properly named under the new practice act. Heretofore, under the former practice, penalties of this character, given by particular statutes, were sometimes made recoverable by action of debt, and sometimes by action on the case, or indictment; and in some cases a remedy was given in the alternative. The claim given to the party paying more than six per cent. interest partakes both of the character of debt and tort. To the extent of the interest paid contrary to law, the party paying not being deemed in law to be *particeps criminis*, we suppose it might be treated as money of the plaintiff had and received of him, which the defendant could not in equity and good conscience retain, and therefore that an action on the implied contract would lie for it. The recovery of the other two thirds is more in the nature of a penalty to restrain an act contrary to public policy; still it is not given to a public prosecutor or informer, but to the party only, and is therefore in the nature of a statute debt due to him. Under these circumstances, it might well be deemed doubtful to which of the classes of actions, tort or contract, this particular cause of action belonged; and thus it was brought within the provision of the practice act, whereby a count in contract may be joined with a count in tort, averring that both are for the same cause of action. *St.* 1852, *c.* 312, § 2, *cl.* 5. This is precisely what the plaintiff has done by his amended or additional count, which we think he was properly allowed to file on motion. He may therefore well maintain his action.

2. The other point taken in defence is, we think, wholly untenable. The note was taken for $2,500, the bonus or additional compensation for forbearance was deducted, and $2,350 only

advanced. It was taken and detained by the note, which em braced both the loan and the bonus, and that note was afterwards paid. It is wholly immaterial, whether the bonus or usurious interest shall be deemed paid when thus deducted, or when the note was subsequently paid. Either way, it was paid for the stipulated loan, and was therefore usurious, within the statute. It was paid by the plaintiff, because it was paid by his order and procurement, from funds provided by him, and by one who undertook to act and did act for him and as his agent in making the payment.                    *Exceptions overruled.*